IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOROTHY MOORE, | : Civ. No. 1:24-CV-887 |
| Plaintiff, | : |
| v. | : (Chief Magistrate Judge Bloom) |
| PENN CREDIT CORP., | : |
| Defendant. | : |

MEMORANDUM OPINION

I. Statement of Facts and of the Case

This case comes before us for consideration of a motion to dismiss the plaintiff's amended complaint filed by the defendant, Penn Credit Corp. ("Penn Credit"). (Doc. 18). The plaintiff, Dorothy Moore, filed this action on May 29, 2024, alleging claims of age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623, and the Pennsylvania Human Relations Act ("PHRA"). (Doc. 1). After the defendant filed an initial motion to dismiss, Moore amended her complaint, which is now the operative pleading. (Doc. 16).

Moore's amended complaint asserts that she applied for a remote position as a medical biller with the defendant in October of 2022. (Doc.

16 ¶ 11). She interviewed with Jason Carter, a supervisor at Penn Credit, at which time she disclosed that she was 75 years old. (*Id.* ¶¶ 12-13). According to Moore, Carter "incredulously" asked her how long she planned on working, and she responded that she intended to work until she was 80 years old. (*Id.* ¶ 13). Moore contends that Carter and a recruiter[1] expressed an interest in hiring her, but after the interview, she never heard anything further. (*Id.* ¶¶ 14-15).

After she followed up and received no response, Moore contacted the Director of Penn Credit to inform him that her inquiries were ignored. (Doc. 16 ¶ 16). She alleges that she asked the Director if Penn Credit hired people her age. (*Id.* ¶ 17). The complaint asserts that the Director informed Moore that he would look into the situation. (*Id.* ¶ 18). Moore alleges that shortly after this discussion, Carter contacted her and asked Moore to provide him with photographs of her remote workstation, and subsequently provided Moore with a start date of November 9, 2022. (*Id.* ¶¶ 19-20).

---

[1] Later in her complaint, and subsequently in her brief in opposition, Moore vaguely alludes to the fact that this recruiter was part of "an unnamed third-party temp or employment agency." (Doc. 16 ¶ 28, n.1; Doc. 20 at 7 ("Plaintiff was placed with Defendant by a third-party temp or placement agency . . .")).

Moore began a two-week training course with the defendant on November 9, 2022. (Doc. 16 ¶ 21). She alleges that on her second day of training, the defendant's system went down, and as a result, both she and another trainee, who was 30 years old, experienced connectivity issues and were unable to start the training on time. (*Id.* ¶¶ 23-24). Moore contacted Carter, who instructed her to install upgrades and download an app, which she did and informed him of the same. (*Id.* ¶¶ 25-26). The next day, Moore was unable to login to training, after which she was contacted by the recruiter and informed that she had been terminated on November 9, 2022, "because her internet was 'too slow.'" (*Id.* ¶ 28). Moore alleges that the other trainee, who was 30 years old and who also experienced the same connectivity issues, was not terminated. (*Id.* ¶ 32). Moore attempted to contact the Director "who had previously handled her complaint of age discrimination[,]" and she was informed he no longer worked for the defendant. (*Id.* ¶ 30).

Based on these assertions, Moore asserts claims of age discrimination and retaliation in violation of the ADEA and PHRA. (Doc. 16, Counts I-II). The defendant now moves to dismiss these claims, arguing that Moore has failed to allege sufficient facts to state an age

discrimination or retaliation claim, and further, that Moore has not alleged an employer-employee relationship with Penn Credit to establish liability under the ADEA. (Doc. 18). The motion is fully briefed and ripe for resolution. (Docs. 19, 20). For the following reasons, the motion will be granted as to the retaliation claim but denied as to the age discrimination claims.

## II. Discussion

### A. Motion to Dismiss - Standard of Review

The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) permits the court to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under federal pleading standards, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and accept "all reasonable inferences that can be drawn from

them after construing them in the light most favorable to the non-movant." *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> As the Third Circuit Court of Appeals has aptly summarized:
>
> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

5

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Additionally, if the complaint relies on the contents of a document not physically attached to the complaint but whose authenticity is not in dispute, the court may consider the document in its determination. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on any other part of the record when deciding a motion to dismiss. *Jordan*, 20 F.3d at 1261.

### B. The Motion to Dismiss will be Granted in Part and Denied in Part.

The plaintiff asserts age discrimination claims under the ADEA and the PHRA,² as well as a retaliation claim under the PHRA, alleging

---

² Moore's ADEA and PHRA claims are subject to essentially the same legal standard and analysis, so we consider these claims together. *See Tinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (explaining

that Penn Credit terminated her because of her age. As we will discuss, we conclude that the amended complaint sets forth sufficient factual allegations at this stage to state a claim for age discrimination. Accordingly, we will deny the defendant's motion to dismiss as to those claims. However, Moore's complaint fails to set forth facts to state a claim for retaliation under the PHRA.

The ADEA prohibits employers from discriminating against employees based on age. 29 U.S.C. § 623(a)(1). A plaintiff must demonstrate that she is at least 40 years old, she suffered an adverse employment decision, she is qualified for the position, and the employer hired an employee who is sufficiently younger to show an inference of age discrimination. *Novak v. Posten Taxi Inc.*, 386 F. App'x 276, 278 (3d Cir. 2010). An adverse employment action must be a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761 (1998). Further, age must be the "but for"

---

that the PHRA mimics the ADEA and so no separate analysis is required).

7

cause of the adverse employment action. *Hazen Paper Co. v. Biggens*, 507 U.S. 604, 610 (1993).

The defendant contends that Moore's complaint fails to adequately allege that she was qualified for the position, that she was terminated because of her age, and that she was replaced by someone sufficiently younger. (Doc. 19 at 9-12). To be "qualified," courts assess if the individual "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc.," and "whether or not the individual can perform the essential functions of the position held or desired, with or without reasonable accommodation." *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). The defendant's argument on this issue is entirely conclusory, asserting that Moore has "fail[ed] to state or support she was qualified for the position in question." (Doc. 19 at 10). However, the amended complaint asserts that Moore was hired and given a start date on November 9, 2022, and she started training on that date. (Doc. 16 ¶ 20). Because the plaintiff's amended complaint alleges that she had just been hired for the position, we conclude that Moore has sufficiently

alleged she was qualified for the position. *See e.g.*, *Kennedy v. Allegis Group*, 2024 WL 1861535, at *3 (E.D. Pa. Apr. 29, 2024).

The defendant also argues that Moore has not adequately pleaded facts to show an inference of age discrimination, or that she was replaced by someone sufficiently younger. We disagree. Moore's amended complaint asserts that, not only was she replaced by someone younger, but that a 30-year-old trainee who allegedly experienced the same connectivity issues during the training—the reason Moore was allegedly terminated—was not likewise terminated. (Doc. 16 ¶¶ 32, 33). Thus, we conclude that these allegations are sufficient at the motion to dismiss stage to establish an inference of unlawful age discrimination. We reach this conclusion mindful that the plaintiff will necessarily have to produce evidence to support these assertions. However, such determinations require a court to consider that evidence, which is more appropriate at the summary judgment stage. *See e.g.*, *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 645-46 (3d Cir. 2015) (discussing the plaintiff's evidence of comparators receiving more favorable treatment and concluding that, viewing the record as a whole, the plaintiff failed to show an inference of discrimination); *Norman v. Kmart Corp.*, 2011 WL

3794915, at *10-11 (M.D. Pa. July 28, 2011), *report and recommendation adopted*, 2011 WL 3794886 (M.D. Pa. Aug. 26, 2011) (granting summary judgment where the plaintiff failed to show that she was terminated under circumstances giving rise to an inference of age discrimination). Accordingly, we conclude that the plaintiff has set forth factual allegations to support a prima facie case of age discrimination against the defendant.

The defendant also contends that Moore has failed to plead that there was an employer-employee relationship between Moore and Penn Credit to establish liability under the ADEA. (Doc. 19 at 15). It argues that Moore was an employee of the agency that placed her with Penn Credit, and as such, Moore has no ADEA claim against the defendant. For her part, Moore contends that she was jointly employed by the third-party agency and Penn Credit. (Doc. 20 at 7).

The defendant points us to the factors set forth in *Nationwide Mutual Insurance Company v. Darden*, 503 U.S. 318, 323-24 (1992), and argues that Moore has not established that Penn Credit was her employer. These factors include:

> "[T]he hiring party's right to control the manner and means by which the product is accomplished . . .; the skill required;

>     the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party."

*Id.* (quoting *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 751-52 (1989)).  However, "[a]t the motion to dismiss stage, it need not be 'entirely clear' that the factual allegations in the plaintiff's complaint will ultimately prove 'joint employer' status." *Hayes v. Waddell & Reed, Inc.*, 2013 WL 5434139, at *9 (W.D. Pa. Sept. 26, 2013) (quoting *Myers v. Garfield & Johnson Enterprises, Inc.*, 679 F. Supp. 2d 598, 611 (E.D. Pa. 2010)); *see also Graves v. Lowry,* 117, F.3d 723, 729 (3d Cir. 1997) ("The precise contours of an employment relationship can only be established by a careful factual inquiry.").  Instead, at the pleading stage, we must determine "whether a plaintiff 'is entitled to offer evidence to support the claims.'" *Id.* (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (citation omitted)).

Here, the facts alleged in the complaint indicate that Moore interviewed with a supervisor of Penn Credit; that the same supervisor

11

contacted her to confirm her remote workspace and give her a start date for training; and that this supervisor helped her through the system login and instructed her to download and app and upgrades for the training. (Doc. 16 ¶¶ 12-14, 19-21, 24-26). She has also alleged that a recruiter from the third-party agency was present during the interview and when she was informed she was terminated. (*Id.* ¶¶ 13-14, 28). At this stage, where we must accept these allegations as true, we conclude that the plaintiff has alleged enough facts to entitle her to offer evidence to support her claims that she was jointly employed by the defendant and the third-party agency. *See e.g.*, *LeBlanc v. Delaware Cnty. Bd. of Prison Inspectors*, 2011 WL 2745800, at *4 (E.D. Pa. July 14, 2011) (declining to dismiss the plaintiff's allegations of joint employer liability, "[b]earing in mind that the joint employment analysis is fact-intensive, and that the record at the pleading stage is necessarily thin, . . ."). Accordingly, the defendant's motion to dismiss the age discrimination claims will be denied.

     Finally, the defendant argues that the plaintiff has failed to state a claim for retaliation under the PHRA. The amended complaint vaguely asserts a claim for retaliation, alleging that "[b]y discriminating against

12

Plaintiff on the basis of her age as described above, Defendant violated Plaintiff's state rights under the PHRA, which prohibits such discrimination and retaliation . . ." (Doc. 16 ¶ 42). Moore's amended complaint also vaguely alleges that she made a complaint of age discrimination to the unnamed Director she contacted after her interview. (*Id.* ¶ 17). However, the plaintiff failed to oppose the defendant's argument against her retaliation claim in her brief. (Doc. 20). As the Third Circuit has noted, a district court has discretion to refuse to consider an argument that is waived by a plaintiff who "had ample opportunity to make [the] argument in response to defendants' motion to dismiss and failed to do so." *Dreibelbis v. Scholton*, 274 F. App'x 183, 185 (3d Cir. 2008) (citing *Confer v. Custom Eng'g Co.*, 952 F.2d 41, 44 (3d Cir. 1991); *Laborers' Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994)); *see also Graden v. Conexant Systems Inc.*, 496 F.3d 291, 296 n. 7 (3d Cir. 2007) ("[F]ailing to raise an argument in one's opening brief waives it."). Accordingly, to the extent the plaintiff raised a retaliation claim under the PHRA, she has waived any argument against the dismissal of this claim, and such a claim will be dismissed.

## III. Conclusion

For the foregoing reasons, the defendant's motions to dismiss (Doc. 18) will be GRANTED as to the plaintiff's PHRA retaliation claim but DENIED as to the ADEA and PHRA age discrimination claims.

An appropriate order follows.

*s/ Daryl F. Bloom*<br>
Daryl F. Bloom<br>
Chief United States Magistrate Judge